Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSE OBISPO,

                *Plaintiff*,

    -against-

ROYAL ONE STOP SUPERMARKET
CORP., ONE STOP LIVE MARKET INC,
WALEED SIMREEN
and OSAMAH SIMREEN

                *Defendants.*

------------------------------------------------------X

Civil Action No.: 21-cv-1198

**COMPLAINT**
**JURY TRIAL DEMANDED**

JOSE OBISPO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against WALEED SIMREEN, OSAMAH SIMREEN, ONE STOP LIVE MARKET INC, and ROYAL ONE STOP SUPERMARKET CORP. (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former employee of ROYAL ONE STOP SUPERMARKET CORP. and ONE STOP LIVE MARKET INC at 1230 Jerome Avenue Bronx, NY 10452 that was owned and operated by Defendants WALEED SIMREEN, OSAMAH SIMREEN, ONE STOP LIVE MARKET INC and ROYAL ONE STOP SUPERMARKET CORP.

2. Defendants own, operate, and/or control the abattoir located at 1230 Jerome Avenue Bronx, NY 10452.

3. Plaintiff was employed as a butcher and general laborer from approximately August 2017 until March 2020.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff JOSE OBISPO ("Plaintiff OBISPO") is an adult individual residing in the Bronx County, New York. Plaintiff OBISPO was employed by Defendants at the abattoir owned and operated by Defendants from approximately August 2017 until March 2020.

10. ROYAL ONE STOP SUPERMARKET CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1230 Jerome Avenue Bronx, NY 10452.

11. ONE STOP LIVE MARKET INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1230 Jerome Avenue Bronx, NY 10452.

12. Defendant WALEED SIMREEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant WALEED SIMREEN is sued individually in his capacity as an owner, officer and/or agent of Defendant ROYAL ONE STOP SUPERMARKET CORP. and Defendant ONE STOP LIVE MARKET INC. ('Defendant Corporations').

13. Defendant WALEED SIMREEN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14. Defendant WALEED SIMREEN determined the wages and compensation of the employees of Defendants, including Plaintiff.

15. Defendant WALEED SIMREEN had the power to hire and fire Plaintiff and other employees of the Defendants.

16. Defendant WALEED SIMREEN supervised the daily operations of Defendants' business and directed work tasks of employees.

17. Defendant WALEED SIMREEN and Defendant OSAMAH SIMREEN were president and vice president of the Defendant Corporations and both held exclusive control over the economic operations of the Defendants' business.

18. Defendant OSAMAH SIMREEN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant OSAMAH SIMREEN is sued individually in his capacity as an officer and/or agent of Defendant Corporations.

19. Defendant OSAMAH SIMREEN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

20. Defendant OSAMAH SIMREEN had the authority to hire and fire Plaintiff.

21. Defendant OSAMAH SIMREEN set and altered Plaintiff's schedules.

22. Defendant OSAMAH SIMREEN hired Plaintiff.

23. Defendant OSAMAH SIMREEN paid Plaintiff.

24. Defendants are associated and joint employers, act in the interest of each other with respect to the abattoir located at 1230 Jerome Avenue Bronx, NY 10452.

25. Defendants share common operations, common promotional materials and acted jointly in the operation of the abattoir located at 1230 Jerome Avenue Bronx, NY 10452.

26. Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

27. Defendants jointly employed Plaintiff as employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

30. Upon information and belief, in each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

31. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' other employees handled and purchased for the business cleaning items, slaughtering tools and live animals that originated out of state.

32. Plaintiff was individually engaged in commerce.

*Plaintiff JOSE OBISPO*

33. Throughout his employment with defendants, Plaintiff OBISPO was employed as the butcher and general laborer at the abattoir at 1230 Jerome Avenue Bronx, NY 10452.

34. Plaintiff OBISPO regularly handled goods in interstate commerce, such as cleaning supplies, live animals, slaughtering and butchering tools and other supplies produced and originating from outside the state of New York.

35. Plaintiff OBISPO's work was supervised and his duties required neither discretion nor independent judgment.

36. Plaintiff OBISPO regularly worked in excess of 40 hours per week.

37. From approximately August 2017 until November 2017, Plaintiff OBISPO typically worked seven (7) days a week from 8:00 AM until 7:00 P.M. on Monday through Saturday and then from 8:00 A.M. until 6:00 P.M. on Sunday.

38. From approximately December 2017 until March 2020, Plaintiff OBISPO typically worked six (6) days a week from 8:00 AM until 7:00 P.M. on Monday through Saturday

39. Defendants paid Plaintiff a weekly salary of $800 per week that did not provide for a premium for his overtime hours and fell below even the minimum wage,

40. Defendants permitted Plaintiff infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to the production line.

41. No proper notification was given to Plaintiff OBISPO regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

42. Defendants never provided Plaintiff OBISPO with each payment of wages a proper statement of wages, as required by NYLL 195(3).

43. Defendants failed to provided Plaintiff OBISPO all of the proper and complete notices in English and in Spanish (Plaintiff OBISPO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

46. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff was damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

51. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

52. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

53. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

54. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

58. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

61. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

62. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

63. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

66. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

67. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

70. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

71. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

72. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

73. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(j) Enjoining Defendants from future violations of the NYLL;

(k) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

 (q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York
   February 10th, 2021

           By: */s/ Colin Mulholland*
              Colin Mulholland, Esq.
              30-97 Steinway, Ste. 301-A
              Astoria, New York 11103
              Telephone: (347) 687-2019
              *Attorney for Plaintiff*